tablished by the decisions of the court for the purpose of ascertaining that intention. In re James, 146 N. Y. 79, 40 N. E. 876. Here the intention is manifest; it is well expressed; and there is no authority conferred, if we give effect to that intention, upon the trustees, to change the investments in the trust created for Miss Stauffer. I am therefore of the opinion that the trial court was right in holding that under the twenty-third clause of the will the trustees had no power or authority, either with or without the consent of the beneficiary, to sell the securities therein named for the purpose of changing the nature of the investment.

---

### NASON MFG. CO. v. GARDEN.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

TEMPORARY RECEIVER—INDIVIDUAL LIABILITY ON CONTRACT.

Code Civ. Proc. § 1788, gives a temporary receiver of a corporation power to preserve its property and the proceeds of debts collected. In an order appointing a temporary receiver, the court directed him to carry on the original business of the corporation and complete its outstanding contracts. He purchased materials to fulfill a contract partly performed, with the understanding that they were to be paid for out of the assets of the receivership. The material bought was billed to him as receiver, and the entries on the seller's books were against him as receiver, and payments made were by his checks as receiver. *Held*, that the receiver was not individually liable for the material purchased by him, since contracts of the corporation in which its moneys are invested for material, and out of the performance of which reimbursement is to be made or profits derived, is property of the corporation, to be "preserved" as required by section 1788.

Appeal from judgment on report of referee.

Action by the Nason Manufacturing Company against Hugh R. Garden, receiver, to establish a lien, and for judgment against Garden, both individually and as receiver. Judgment for defendant, and plaintiff appeals from special term of the supreme court to the appellate division. Affirmed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles De Hart Brower, for appellant.

John R. Abney, for respondent.

PATTERSON, P. J. This action was brought to foreclose a lien upon real property in the city of New York belonging to one Rothschild, who, as owner, had made a contract with the Durham House-Drainage Company for the plumbing work of a building being erected by him, and known as the "Hotel Majestic." The plaintiff had furnished to the drainage company material used by it in the performance of its contract with Rothschild. Early in 1894, a proceeding for the voluntary dissolution of the drainage company was begun in the supreme court, and one Durham was appointed temporary receiver of that company. On the 5th of March, 1894, an order was made by the supreme court removing Durham as receiver, and appointing in

his place the defendant, Garden, who, by the order of his appointment, was invested with all the powers and duties of a temporary receiver, as provided by section 1788 of the Code of Civil Procedure. In the same order, Garden, receiver, was directed to take possession of all the property of every kind of the drainage company, and "to collect, receive, hold, protect, and preserve the same, and the proceeds thereof, and to conduct the affairs and carry on the original business of the said Durham House-Drainage Company of New York, in the usual course thereof, and to finish and complete the outstanding contracts of such company until the further order of the court in the premises." After Garden had entered upon his duties as receiver, and in compliance with the requirement of the order above mentioned, he, as receiver, proceeded with the work to be done under the drainage company's contract with Rothschild. In order to complete that work, he purchased additional material from the plaintiff, and used it in that work, and it is for the balance of an indebtedness arising from the sale by the plaintiff of that additional material to Garden, while thus acting as receiver, that the lien sought to be foreclosed herein was filed. The complaint, besides the facts relating to the establishment of a lien, contains allegations upon which a demand is based for judgment against Garden, both individually and as receiver, for any deficiency that may remain after the foreclosure of the lien. This action and other lienors' actions appear to have been consolidated, but the various claims involved in those actions were tried independently by a referee. On the trial of this plaintiff's claim, it appeared that the plaintiff "abandoned its claim against Garden as such receiver, and proceeded against him individually," as the referee states in his report. The right to a lien and to resort to the real property was not established. As the case comes before us, therefore, the only subject for consideration is whether the plaintiff has a claim enforceable against the defendant, Garden, individually.

The learned referee has determined, and upon the evidence properly so, that there was no contract obligation entered into between Garden and the plaintiff which would bind Garden individually. On the contrary, the evidence is convincing that immediately after the appointment of Garden as receiver, and from the first interview he had with the representative of the plaintiff, all negotiations for the purchase of material to be used by Garden under the Rothschild contract were had, and all such purchases were made, upon the distinct understanding that the goods purchased were to be paid for out of the proceeds of the contract or out of the assets of the receivership. Every item of merchandise that was bought by Garden was billed to him as receiver, all the entries in the plaintiff's books were made against Garden as receiver, and all the payments made by Garden were by his checks as receiver. The referee, on the evidence, would not have been justified in finding that there was a personal liability of the receiver arising out of any express or implied contract relations established between the plaintiff and Garden individually.

But it is claimed by the plaintiff that there exists a legal liability of Garden individually quite irrespective of ordinary contract rela-

tions, and this notwithstanding the fact that the referee has found on the evidence that credit was given by the plaintiff to Garden in his capacity as receiver. The theory of the plaintiff upon this point seems to be that the provision of the order by which Garden was appointed receiver, and which authorized him to carry on the business of the Durham House-Drainage Company, and to complete its contracts, was a nullity; that the court had no power to confer such authority upon one who was only a statutory receiver. With the provision of the order which directed the receiver to continue the business as it had been theretofore conducted by the corporation and until the further order of the court the plaintiff has nothing to do. If it can assail the order at all, its attack must relate to that provision which authorizes the receiver to complete the unperformed outstanding contracts of the corporation; for that is the only subject in which it is interested. It is well settled that a statutory receiver has no power beyond that which is derived from, and authorized by, statute. If a receiver, without authority, contracts an indebtedness, he may be held personally liable for that indebtedness. Meyer v. Lexow, 1 App. Div. 116, 37 N. Y. Supp. 67. But in this case the statute gave the power to the court to make the provision in the order which directed the receiver to go on and perform the uncompleted contracts of the drainage company. Section 2423 of the Code of Civil Procedure, relating to proceedings for the voluntary dissolution of a corporation, provides that the court may confer upon the temporary receiver the powers and authority of a permanent receiver, except that he shall not make any final distribution among creditors and stockholders unless he is specially directed by the court so to do. Among the powers of a temporary receiver, as they are defined by section 1788 of the Code of Civil Procedure, is the power to preserve the property and the proceeds of debts and demands collected. That power to preserve property is general. It includes the preservation of all that comes within the denomination of "property" belonging to the corporation. Contracts for work entered into by the corporation, in which its moneys are invested for material, and out of the performance of which reimbursement of those moneys is to be made, or out of which profits are to be derived, are just as much property of the corporation as merchandise or other tangible or portable articles. And it was to preserve property and property rights that the authority was given to this receiver to complete the contracts of the drainage company.

The judgment appealed from must be affirmed, with costs. All concur.