RICHARD F. OLPHERTS, Appellant, *v.* FRANK SULLIVAN SMITH, Respondent.

*Receiver of a corporation authorized "to carry on and continue the business" — he is not individually liable for goods purchased for that purpose.*

A receiver of a corporation, authorized by the order appointing him "to carry on and continue the business" of the corporation, who purchases goods necessary to enable him to do so, and accepts as receiver a draft for the purchase price drawn upon him as receiver by the vendor, is not individually liable for the amount of the draft, where it appears that the vendor dealt with the receiver upon the faith of the receivership alone.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Richard F. Olpherts, from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the county of New York on the 9th day of February, 1900, upon the verdict of a jury rendered by direction of the court.

*W. E. Benjamin,* for the appellant.

*C. Walter Artz,* for the respondent.

MCLAUGHLIN, J. :

On the 30th of June, 1897, the defendant was appointed receiver of the Worcester Cycle Company by the United States Circuit Court for the District of Connecticut, and as such receiver took possession of its factory and plant and entered upon the discharge of his duties.   The order appointing him, among other things, provided that " The said receiver is hereby fully authorized and directed to take immediate possession of all and singular the' property above described, wherever situated or found, and to collect all accounts and sums due or to become due to the Worcester Cycle Manufacturing Company, and to wind up its affairs, and for that purpose to carry on and continue the business of said defendant company as the same is now carried on, so far as may be necessary to preserve its rights under its contracts, acting in all things under the order and direction of this court.  *  *  *  Said receiver is hereby fully authorized to continue to operate and carry on the business of the defendant Cycle Company in such manner as the same is now conducted or in such manner as will, in his judgment, produce the most satisfactory results, so far as may be necessary for the preservation from loss of the outstanding contracts of said defendant Cycle Company.  *  *  *  Said receiver shall, from time to time, out of the funds coming into his hands, from the operation of the property and otherwise, pay the expenses of operating the same and executing his trust, and all taxes and assessments upon the said property, or any part thereof."

In the discharge of his duties under the order he purchased certain merchandise from the Wilmot & Hobbs Manufacturing Company, amounting at the agreed price to seventy-two dollars and eighty-five cents, and for which, on the 30th of July, 1898, it drew a draft on him of which the following is a copy :

"THE WILMOT & HOBBS M'F'G Co.

"BRIDGEPORT, CONN., *July* 30*th*, 1898.

"Forty-five days after date, pay to the order of National Shoe & Leather Bank, New York, Seventy-two 85/100 dollars, value received, and charge the same to account of The Wilmot & Hobbs Mfg. Co.

"To Receiver Worcester Cycle Mfg. Co.

"P. L. BRYNING,

"$72 85/100.　　　　　　　　　　　　　　　　　　*Secy.*

"Countersigned by FRANK A. WILMOT, *Pres't.*"

When the draft was presented it was accepted, the following being written across the face of it: "Accepted, Frank Sullivan Smith, Receiver, Lewis F. Wilson, Attorney."

The draft was not paid, and was subsequently assigned to the plaintiff, who brought this action to recover the amount of it from the defendant personally. At the close of the trial, both parties having moved for the direction of a verdict, a verdict was directed for the defendant, and from the judgment entered thereon the plaintiff has appealed.

We think the direction was right. The order of the court appointing the defendant receiver authorized him "to carry on and continue the business of said defendant company," so far as necessary to enable him to collect the accounts and sums due or to become due. This authorized the defendant to purchase property so far as such purchase became necessary to carry on the business contemplated in the order. Under this authority the property — the consideration of the draft — was purchased. It was purchased by the defendant as receiver and not individually, and this fact the evidence clearly establishes was known to and acted upon by the Wilmot & Hobbs Manufacturing Company at the time the sale and delivery of the merchandise was made and the draft drawn. The goods were all billed "To Receiver Worcester Cycle Mfg. Co.;" the draft was drawn "To Receiver Worcester Cycle Mfg. Co.;" the complaint alleges "that the defendant, at the time of making said draft, was conducting the business of the Worcester Cycle Company under the title of receiver, and that said draft was given to secure the payment of merchandise sold and delivered by said Wilmot and Hobbs Manufacturing Company, to the said defendant, conduct-

ing the business as aforesaid as such receiver." Considering the nature of the property purchased, the business in which it was used, and the powers given to the receiver under the order appointing him, the presumption arises that the purchase was made in obedience to that order and for the purpose intended by the court, rather than that it was made for a purpose not contemplated by it. (*Sager Manufacturing Co.* v. *Smith*, 45 App. Div. 358.) We are, therefore, of the opinion that the defendant was expressly authorized to make the purchase, and that the Wilmot & Hobbs Manufacturing Company knew it was made by the defendant as receiver and not individually, and, with this knowledge, sold and delivered the merchandise to him and drew the draft in question, intending to give credit to the receivership alone. If we are correct in this conclusion, then it necessarily follows that the defendant did not personally obligate himself to pay the purchase price or the draft. (*Sager Manufacturing Co.* v. *Smith*, 45 App. Div. 358; *Nason Manufacturing Co.* v. *Garden*, 52 id. 363; High Rec. § 272; Cook Corp. 878.)

*Sager Manufacturing Co.* v. *Smith* (*supra*) is directly in point. That was an action brought against this same defendant, in which it was sought to hold him personally liable for merchandise purchased, under facts quite similar to those involved in the action before us. There the court held, after reviewing many authorities, that if a receiver, authorized to continue and carry on the business of a corporation, and to purchase supplies and materials for that purpose, enters into a contract as receiver for the furnishing of such supplies, and discloses the capacity in which he assumes to act, he will incur no personal liability; that in such case the vendor has a cause of action against him as receiver only.

Under this authority, as well as the others cited, we think the judgment appealed from is right and must be affirmed, with costs.

RUMSEY, PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., dissented.

Judgment affirmed, with costs.