OLPHERTS v. SMITH.

(Supreme Court, Appellate Division, First Department. November 23, 1900.)

RECEIVERS—PURCHASE OF GOODS—PERSONAL LIABILITY.

Where the decree appointing a receiver of a corporation directed him to carry on the business of the corporation for the purpose of collecting all sums due or to become due the corporation, and he purchased goods for use in carrying on the corporation's business, the seller knowing that they were purchased by the receiver as such, he was not personally liable therefor.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Richard Olpherts against Frank Sullivan Smith. From a judgment in favor of defendant (62 N. Y. Supp. 409), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

W. E. Benjamin, for appellant.

C. Walter Artz, for respondent.

McLAUGHLIN, J. On the 30th of June, 1897, the defendant was appointed receiver of the Worcester Cycle Company by the United States circuit court for the district of Connecticut, and as such receiver took possession of its factory and plant, and entered upon the discharge of his duties. The order appointing him, among other things, provided that:

"The said receiver is hereby fully authorized and directed to take immediate possession of all and singular the property above described, wherever situated or found, and to collect all accounts and sums due or to become due to the Worcester Cycle Manufacturing Company, and for that purpose to carry on and continue the business of said defendant company as the same is now carried on and so far as may be necessary to preserve its rights under the contracts, acting in all things under the order and direction of this court. * * * Said receiver is hereby fully authorized to continue to operate and carry on the business of the defendant cycle company in such manner as the same is now conducted, or in such manner as will, in his judgment, produce the most satisfactory results, so far as may be necessary for the preservation from loss of the outstanding contracts of said defendant cycle company. * * * Said receiver shall, from time to time, out of the funds coming into his hands from the operation of the property and otherwise, pay the expenses of operating same, and executing his trust, and all taxes and assessments upon the said property, or any part thereof."

In the discharge of his duties under the order, he purchased certain merchandise from the Wilmot & Hobbs Manufacturing Company, amounting at the agreed price to $72.85, and for which, on the 30th of July, 1898, it drew a draft on him, of which the following is a copy:

"The Wilmot & Hobbs Manufacturing Company.

"Bridgeport, Conn., July 30, 1898.

"Forty-five days after date, pay to the order of National Shoe & Leather Bank, New York, seventy-two $85/100$ dollars, value received, and charge the same to account of the Wilmot & Hobbs Mfg. Co.

"To Receiver Worcester Cycle Mfg. Co.

"$72 $85/100$.　　　　　　　　　　　　P. L. Bryning, Secy.

"Countersigned by Frank A. Wilmot, Presdt."

When the draft was presented, it was accepted, the following being written across the face of it: "Accepted, Frank Sullivan Smith, Receiver. Louis F. Wilson, Attorney." The draft was not paid, and was subsequently assigned to the plaintiff, who brought this action to recover the amount of it from the defendant personally. At the close of the trial, both parties having moved for the direction of a verdict, a verdict was directed for the defendant, and from the judgment entered thereon the plaintiff has appealed.

We think the direction was right. The order of the court appointing the defendant receiver authorized him "to carry on and continue the business of the cycle company" so far as necessary to

enable him to collect the accounts and sums due or to become due. This authorized the defendant to purchase property so far as such purchase became necessary to carry on the business contemplated in the order. Under this authority the property—the consideration of the draft—was purchased. It was purchased by the defendant as receiver, and not individually; and this fact, the evidence clearly establishes, was known to and acted upon by the Wilmot & Hobbs Manufacturing Company at the time the sale and delivery of the merchandise was made and the draft drawn. The goods were all billed "To Receiver Worcester Cycle Manufacturing Company." The draft was drawn "To Receiver Worcester Cycle Mfg. Co." The complaint alleges "that the defendant, at the time of making said draft, was conducting the business of the Worcester Cycle Mfg. Co. under the title of receiver, and that said draft was given to secure the payment of merchandise sold and delivered by the Wilmot & Hobbs Mfg. Co. to the said defendant, conducting the business as aforesaid as such receiver." Considering the nature of the property purchased, the business in which it was used, and the powers given to the receiver under the order appointing him, the presumption arises that the purchase was made in obedience to that order, and for the purpose intended by the court, rather than that it was made for a purpose not contemplated by it. Manufacturing Co. v. Smith, 45 App. Div. 358, 60 N. Y. Supp. 849. We are therefore of the opinion that the defendant was expressly authorized to make the purchase, and that the Wilmot & Hobbs Manufacturing Company knew it was made by the defendant as receiver, and not individually, and with this knowledge sold and delivered the merchandise to him, and drew the draft in question, intending to give credit to the receivership alone. If we are correct in this conclusion, then it necessarily follows that the defendant did not personally obligate himself to pay the purchase price or the draft. Manufacturing Co. v. Smith, 45 App. Div. 358, 60 N. Y. Supp. 849; Manufacturing Co. v. Garden, 52 App. Div. 363, 65 N. Y. Supp. 147; High, Rec. § 272; Cook, Corp. 878. Manufacturing Co. v. Smith, supra, is directly in point. That was an action brought against this same defendant, in which it was sought to hold him personally liable for merchandise purchased under facts quite similar to those involved in the action before us. There the court held, after reviewing many authorities, that if a receiver authorized to continue and carry on the business of a corporation, and to purchase supplies and materials for that purpose, enters into a contract as receiver for the furnishing of such supplies, and discloses the capacity in which he assumes to act, he will incur no personal liability; that in such case the vendor has a cause of action against him as receiver only. Under this authority, as well as the others cited, we think the judgment appealed from is right, and must be affirmed, with costs.

All concur, except VAN BRUNT, P. J., who dissents.