that the plea of ultra vires should not, as a general rule, prevail, when it would not advance justice, but, on the contrary, would produce a legal wrong. Raft Co. v. Roach, 97 N. Y. 378, 381, and authorities cited.

The judgment appealed from should be affirmed, with costs. All concur.

---

(34 Misc. Rep. 531.)

### METROPOLITAN LIFE INS. CO. v. SANBORN.

(Supreme Court, Appellate Term. April 19, 1901.)

1. TEMPORARY RECEIVERS—PERSONAL LIABILITY FOR RENT.

Defendant was appointed temporary receiver of a corporation renting an office under a yearly lease which had not expired, and he was seen in the office of the corporation at different times. The collector for the landlord demanded payment of the rent, which was refused by the receiver, but he stated that he would make application to the court for permission to pay the rent, but that he would not stand in the way if the landlord wished to relet it. *Held*, that the receiver was not personally liable under the lease for the time he occupied the office.

2. SAME.

A temporary receiver appointed for the purpose of preserving corporation property pending litigation, and given no title thereto, is not liable for rent as a result of the mere taking of possession of the premises rented and occupied by the corporation.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action for rent by the Metropolitan Life Insurance Company against Francis N. Sanborn. From a judgment in favor of the plaintiff, the defendant appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Frederick H. Sanborn, for appellant.
Edwin F. Stern, for respondent.

LEVENTRITT, J. The sole question in this case is whether the defendant is individually liable. On November 2, 1900, he was appointed temporary receiver of all the property and assets of the American Impulse Wheel Company in voluntary proceedings for dissolution. The company occupied certain offices under a yearly lease beginning on May 1, 1900. The defendant qualified as temporary receiver on November 8th. It appears in evidence that the premises were not vacated until the end of December; that the defendant was several times seen in the office of the company; that the plaintiff's collector called on him, demanding payment of the rent, receiving as an answer that the defendant could not pay at that time, but that he would make application to the court within a few days for permission to pay over the rent of that portion of the premises occupied by certain subtenants. The testimony of the collector, who, with the defendant, was the only witness called, also shows that the latter stated that he did not know whether the American Impulse Wheel Company would keep the offices, but that, in the event that the plaintiff should desire to relet, he would not stand in

the way. The order appointing the defendant receiver merely authorized him to "immediately take possession of all the property and effects, real and personal, of every name and nature, of said corporation, and hold and administer the same according to law." The justice, on these facts, rendered judgment for the plaintiff against the defendant individually for the November and December rent sued for. There was no authority for this. If the defendant was liable at all, he was liable as temporary receiver only. It is to be observed that the action was not for the use and occupation, but on the contract of lease for a stipulated monthly rental. There is certainly no privity of contract between the defendant in his individual capacity and the lessor. He has entered into no contractual relation with the plaintiff which would make him liable on the covenant to pay rent. Nor is there privity of estate. There is not, and could not be under the facts of this case, any relation of lessor and lessee between the plaintiff and the defendant as an individual. Not even in his representative capacity would this follow as a matter of course. Ordinarily, a temporary receiver has no title to the property or assets of the corporation, but merely their possession. Code, §§ 1788, 2423; Keeney v. Insurance Co., 71 N. Y. 401; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480. He cannot become liable for rent from the mere fact of taking possession of the premises. It may be questioned whether a receiver pendente lite,—the ordinary chancery receiver or mere custodian of corporate property,—in the absence of express authority pursuant to statute (Code, supra), granted by the court, conferring upon him some or all of the powers of a permanent or administrative receiver, ever becomes "liable," in the strict sense of that term, by virtue of any privity of estate arising out of his acts in the course of the preservation of the property. There is, correctly speaking, no such election to adopt the lease within a reasonable time, and thereby create a privity of estate, as in the case of a permanent receiver, having title to the corporate assets. Stokes v. Hoffman House, 46 App. Div. 120, 61 N. Y. Supp. 821. The court, in the exercise of its equitable discretion, may deem it proper to direct him to pay the rent, but, as said by Barrett, J., in the case just cited, "That is an equity for the court to consider, not the custodian." The case before us fails to disclose that the temporary receiver, either by express authority granted by the court, or otherwise, ever became privy to the lease. The order appointing him was strictly limited to according him possession without any title, and it is very questionable whether the defendant, even in his representative capacity, can be held on a theory of privity. Certain it is, however, that as an individual he has succeeded to nothing belonging to a corporation still in existence and clothed with its franchise at the time this suit was brought, and that no action on the covenant to pay rent will lie against him individually on a lease to which he was neither privy nor party. The only possible theory on which the defendant could be personally liable would be in the event that he had been guilty of some neglect or misconduct, or that he had contracted in excess of his authority, or had assumed to enter into an obligation in his

individual capacity. Manufacturing Co. v. Smith, 45 App. Div. 364, 60 N. Y. Supp. 849; Camp v. Barney, 4 Hun, 373; Manufacturing Co. v. Garden, 52 App. Div. 363, 65 N. Y. Supp. 147; Cook, Stock, Stockh. & Corp. Law, 878; Bead, Rec. 305. There is no pretense that he has been guilty of neglect or misconduct; there is not an iota of proof that he contracted in excess of his authority, or that he made any contract at all; and, so far from there being proof that he assumed to act in his individual capacity, the testimony of the plaintiff's sole witness contains a specific disclaimer of such assumption in the statement that the defendant purposed applying to the court for leave to pay over the rent from the subtenants. All that appears is that the defendant was in the offices of the corporation which was dissolving, and continued occupying them in behalf of the corporation. The lease itself remained a continuing contract of the corporation, under which it remained liable for the full extent of the term. In any event, the plaintiff could share with the general creditors pro rata in the assets of the corporation for the entire unpaid rental of the balance of the term, and probably could secure payment as a preferred creditor for the two months that it actually remained in possession of the offices through the defendant in his representative capacity. But the record is barren of any fact on which to predicate a personal claim against him. The two cases cited by the plaintiff are not in point. People v. Universal Fire Ins. Co., 30 Hun, 142, was a case in which a permanent receiver was directed to pay, as a necessary expense and a charge upon the funds in his hands, rent for premises which he had not promptly abandoned. The question of the personal liability of a temporary receiver under similar circumstances was in no wise passed upon. And in Rogers v. Wendell, 54 Hun, 540, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515, the receiver, though a temporary one, was held personally liable because he had entered into a contract with the plaintiff's intestate in excess of the authority conferred upon him by order of the court. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.