### MEGOWAN et al. v. PETERSON.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

1. ACTION ON NOTE—TRUSTEE—INDIVIDUAL LIABILITY—QUESTION FOR JURY.
    In an action on a note given for lumber purchased, and signed by one as trustee, the question whether the sale of the lumber was made on defendant's individual credit, or the credit of the trust estate, is one for the jury.

2. SAME—ADMISSION OF EVIDENCE.
    On the question whether the trustee appointed by the creditors of an insolvent firm to complete the unfinished contracts of the firm for the benefit of creditors, in accepting the trust, was to become personally bound for the costs of materials he might purchase in completing the contracts as trustee, evidence was admissible as to whether his services were to be gratuitous, or to be paid for.

Appeal from Trial Term, Kings County.

Action on a note by James Megowan and another against Charles G. Peterson. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

J. Stewart Ross, for appellant.
Franklin Pierce, for respondents.

HIRSCHBERG, P. J. On the 4th day of December, 1899, the surviving member of the firm of Johnson & Peterson called a meeting of the creditors of the firm, and those then assembled executed a paper appointing the defendant as sole agent and trustee to assume control and management of the business. The firm represented by the plain-

tiff was one of the creditors, and its firm name was duly signed to the document. At the same meeting another paper was executed by the surviving member of the firm of Johnson & Peterson, by which the assets of the firm were transferred to the defendant as trustee for the creditors. The evidence establishes that the purpose of the parties in the execution of these papers was to have unfinished contracts of the firm of Johnson & Peterson completed by the defendant, and to have the assets of that firm liquidated and distributed among the creditors. The defendant afterwards bought lumber from the plaintiff's firm, to be used in the management of the trust assumed by him, and gave to it his promissory note for the purchase price, signed, "Charles G. Peterson, Trustee." By the judgment appealed from, he has been held to be personally liable for the payment of the note.

The question whether the defendant is personally liable for the obligation assumed by him, as trustee, in the management of the affairs of the liquidating firm, has been heretofore before the courts in this case and in other cases. In Muller v. Peterson, 57 App. Div. 626, 68 N. Y. Supp. 1144, a judgment had been recovered against the defendant personally on a note similar to the one herein, on the theory that he was personally liable on the face of the note, notwithstanding the addition of the word "Trustee" to his signature. That judgment we reversed on the authority of Olpherts v. Smith, 54 App. Div. 514, 66 N. Y. Supp. 976, which decided that the receiver of a corporation, who was authorized by order of the court to carry on and continue its business, was not individually liable for the price of goods purchased by him in the conduct of the business, where it appeared that the vendor dealt with him upon the faith of the receivership alone. The case of Muller v. Peterson, supra, was taken to the Court of Appeals, where the order of this court was affirmed without opinion, and judgment absolute ordered in favor of the defendant on the stipulation. Muller v. Peterson, 175 N. Y. 475, 67 N. E. 1085. Meanwhile the case at bar had been tried in the Supreme Court, and resulted in the direction of a verdict in favor of the defendant, and the judgment entered thereon was affirmed by this court on the authority of Muller v. Peterson, supra. Megowan v. Peterson, 61 App. Div. 622, 70 N. Y. Supp. 1144. That decision was reversed in the Court of Appeals upon the ground that as there was a dispute between the parties as to whether or not the defendant purchased the lumber on the faith of the trust estate alone, or upon his personal credit in addition thereto, the question should have been submitted to the jury for determination as one of fact. Megowan v. Peterson, 173 N. Y. 1, 65 N. E. 738. That decision is clearly to the effect that the defendant is to held personally liable if the parties so intended at the time the sales were made. Another case —that of Heyser v. Peterson—had been tried in the meantime at Special Term, and judgment rendered in favor of the defendant upon a finding that the transactions there in question were had solely upon the credit of the defendant in his representative capacity. That judgment was affirmed in this court (63 App. Div. 620, 71 N. Y. Supp. 1137), and in the Court of Appeals (172 N. Y. 661, 65 N. E. 1117), in each instance without opinion.

On the present trial, considerable evidence was given on either side of the question considered by Judge Haight in the opinion written when this case was decided in the Court of Appeals, viz., whether the sale of the lumber in question was understood by the parties to have been made upon the defendant's individual credit, and that question was fairly submitted to the jury. The facts do not warrant interference with the conclusion adverse to the defendant's contention on the main issue which was reached by the jury, and an affirmance would be required, were no error committed in the rulings of the learned trial justice in the admission or rejection of evidence. I think, however, it was clearly error to reject the proof which was offered for the purpose of showing that the defendant was discharging his trust gratuitously. There was a sharply disputed question of fact as to whether he accepted the trust with the understanding that he was to become personally bound for the cost of whatever purchases he might make, or other obligations he might assume, as trustee, in the interest of the estate confided to him; and, if he either expressly agreed or supposed that he was to work for nothing, that fact was germane to a correct solution of the controverted point. His account as rendered to the creditors was excluded, and a question designed to prove, or to pave the way for proving, that he was to receive no pecuniary compensation for his services as trustee, was also excluded. It may very well be that his right to compensation under the terms of the executed papers referred to, which are silent on the subject, is a question of law; but, as bearing upon the main issue, the question is not what, if anything, he was entitled to receive, but whether he was in fact working under an agreement or understanding with the creditors that he would make no personal charge, or in the belief on his part, whether mistaken or otherwise, that he could not lawfully make a charge. If he rendered his services in fact for nothing, or in the belief that he could not and would not be compensated, the circumstance in either event might legitimately influence the jury in determining whether he consented to assume a personal liability on account of the necessary expenses of liquidation, and the exclusion of the fact demands a new trial.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., not voting.