JAMES MEGOWAN and WILLIAM S. GODDARD, Respondents, *v.* CHARLES G. PETERSON, Appellant.

*Evidence — proof that a trustee for creditors acted gratuitously is competent upon the question whether he assumed a liability incurred in the management of the trust individually or in his representative capacity.*

Pursuant to an arrangement between the surviving member of a firm and its creditors, one Charles G. Peterson was appointed trustee for the creditors to assume the control and management of the firm business. The purpose of the arrangement was to have certain unfinished contracts of the firm completed by such trustee and to have the assets of the firm liquidated and distributed among its creditors. Thereafter Peterson bought merchandise to be used in the management of the trust assumed by him and gave to the vendors thereof his promissory note for the purchase price, signed "Charles G. Peterson, Trustee."

In an action brought against Peterson individually upon the note, in which the issue litigated was whether the merchandise was purchased by the defendant upon his individual credit or in his capacity as trustee, it was

*Held,* that it was improper for the court to reject proof offered by the defendant for the purpose of showing that he was discharging the duties of the trust gratuitously, as this fact might legitimately influence the jury in determining whether he consented to assume a personal liability for the goods in question.

APPEAL by the defendant, Charles G. Peterson, from a judgment of the Supreme Court in favor of the plaintiff William S. Goddard, as sole surviving copartner of Megowan & Goddard, doing business under the firm name of C. Stevens & Co., entered in the office of the clerk of the county of Kings on the 17th day of November, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of November, 1903, denying the defendant's motion for a new trial made upon the minutes.

*J. Stewart Ross,* for the appellant.

*Franklin Pierce,* for the respondents.

HIRSCHBERG, P. J.:

On the 4th day of December, 1899, the surviving member of the firm of Johnson & Peterson called a meeting of the creditors of the firm, and those then assembled executed a paper appointing the defendant as sole agent and trustee to assume control and management of the business. The firm represented by the plaintiff was one of the creditors and its firm name was duly signed to the document. At the same meeting another paper was executed by the surviving member of the firm of Johnson & Peterson by which the assets of the firm were transferred to the defendant as trustee for the creditors. The evidence establishes that the purpose of the parties in the execution of these papers was to have unfinished contracts of the firm of Johnson & Peterson completed by the defendant, and to have the assets of that firm liquidated and distributed among the creditors. The defendant afterwards bought lumber from the plaintiffs' firm to be used in the management of the trust assumed by him and gave to it his promissory note for the purchase price, signed " Charles G. Peterson, Trustee." By the judgment appealed from he has been held to be personally liable for the payment of the note.

The question whether the defendant is personally liable for the obligation assumed by him as trustee in the management of the affairs of the liquidating firm has been heretofore before the courts

# 352        MEGOWAN v. PETERSON.

in this case and in other cases. In *Muller* v. *Peterson* (57 App. Div. 626) a judgment had been recovered against the defendant personally on a note similar to the one herein on the theory that he was personally liable on the face of the note notwithstanding the addition of the word " trustee" to his signature. That judgment we reversed on the authority of *Olpherts* v. *Smith* (54 App. Div. 514) which decided that the receiver of a corporation who was authorized by order of the court to carry on and continue its business was not individually liable for the price of goods purchased by him in the conduct of the business where it appeared that the vendor dealt with him upon the faith of the receivership alone. The case of *Muller* v. *Peterson (supra)* was taken to the Court of Appeals, where the order of this court was affirmed, without opinion, and judgment absolute ordered in favor of the defendant on the stipulation. (*Muller* v. *Peterson,* 175 N. Y. 475.)

Meanwhile the case at bar had been tried in the Supreme Court and resulted in the direction of a verdict in favor of the defendant, and the judgment entered thereon was affirmed by this court on the authority of *Muller* v. *Peterson (supra).* (*Megowan* v. *Peterson,* 61 App. Div. 622.) That decision was reversed in the Court of Appeals upon the ground that as there was a dispute between the parties as to whether or not the defendant purchased the lumber on the faith of the trust estate alone or upon his personal credit in addition thereto, the question should have been submitted to the jury for determination as one of fact. (*Megowan* v. *Peterson,* 173 N. Y. 1.) That decision is clearly to the effect that the defendant is to be held personally liable if the parties so *intended* at the time the sales were made. Another case, that of *Heyser* v. *Peterson,* had been tried in the meantime at Special Term and judgment rendered in favor of the defendant upon a finding that the transactions there in question were had solely upon the credit of the defendant in his representative capacity. That judgment was affirmed in this court (63 App. Div. 620) and in the Court of Appeals (172 N. Y. 661), in each instance without opinion.

On the present trial considerable evidence was given on either side of the question considered by Judge HAIGHT in the opinion written when this case was decided in the Court of Appeals, viz., whether the sale of the lumber in question was understood by the

parties to have been made upon the defendant's individual credit, and that question was fairly submitted to the jury. The facts do not warrant interference with the conclusion adverse to the defendant's contention on the main issue which was reached by the jury, and an affirmance would be required were no error committed in the rulings of the learned trial justice in the admission or rejection of evidence. I think, however, it was clearly error to reject the proof which was offered for the purpose of showing that the defendant was discharging his trust gratuitously. There was a sharply disputed question of fact as to whether he accepted the trust with the understanding that he was to become personally bound for the cost of whatever purchases he might make or other obligations he might assume as trustee in the interest of the estate confided to him, and if he either expressly agreed or supposed that he was to work for nothing, that fact was germane to a correct solution of the controverted point. His account, as rendered to the creditors, was excluded, and a question designed to prove, or to pave the way for proving, that he was to receive no pecuniary compensation for his services as trustee was also excluded. It may very well be that his right to compensation under the terms of the executed papers referred to, which are silent on the subject, is a question of law, but as bearing upon the main issue the question is not what, if anything, he was entitled to receive, but whether he was in fact working under an agreement or understanding with the creditors that he would make no personal charge, or in the belief on his part, whether mistaken or otherwise, that he could not lawfully make a charge. If he rendered his services in fact for nothing, or in the belief that he could not and would not be compensated, the circumstance in either event might legitimately influence the jury in determining whether he consented to assume a personal liability on account of the necessary expenses of liquidation, and the exclusion of the fact demands a new trial.

The judgment and order should be reversed.

BARTLETT, WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Judgment and order reversed and new trial granted, costs to abide the event.