JAMES MEGOWAN et al., Appellants, *v.* CHARLES G. PETERSON, Respondent.

BILLS, NOTES AND CHECKS — WHEN MAKER OF NOTE, SIGNED BY HIM AS "TRUSTEE," IS NOT PERSONALLY LIABLE — NEGOTIABLE INSTRUMENTS LAW (L. 1897, CH. 612, § 39) — QUESTION OF FACT. A trustee of an insolvent firm, for the benefit of creditors thereof, appointed by such firm and its creditors, is not personally liable under the provisions of the Negotiable Instruments Law (L. 1897, ch. 612, § 39), upon a note signed by him as "trustee," but without disclosing his representative character upon the face of the note, where the payee is one of such creditors and the consideration for which the note was given was property purchased from the payee for the benefit of the trust estate; but where in an action upon the note, brought by the payee, against the maker, the evidence is conflicting as to whether the property, for which the note was given, was purchased for the benefit of the trust estate and whether the plaintiff agreed to accept the note of defendant in his representative capacity, the direction of a verdict in favor of the defendant is reversible error.

*Megowan* v. *Peterson*, 61 App. Div. 622, reversed.

(Argued November 19, 1902; decided December 9, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 7, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

1

*Franklin Pierce* for appellants. The defendant Peterson was a trustee for the creditors of Johnson & Peterson, and not an agent for creditors, and he had no authority to make and sign promissory notes which in any way bound the trust estate or the assets of the trust estate. (*Rowe* v. *Rand*, 111 Ind. 206; *Taylor* v. *Mayo*, 110 U. S. 330; *Schmittler* v. *Simon*, 114 N. Y. 187; *Neresheimer* v. *Smith*, 167 N. Y. 202; *Mann* v. *Whitbeck*, 17 Barb. 388; *Van Dine* v. *Willett*, 38 Barb. 319; *Pitte* v. *Jameson*, 15 Barb. 310; *Newton* v. *Poole*, 12 Leigh, 112; *Robinson* v. *C. Nat. Bank*, 86 N. Y. 404; *Perkins* v. *Boothby*, 71 Me. 91.) As trustee the defendant Peterson could not by his executory contract, although made in the interest and for the benefit of the estate which he represented, bind the assets so as to exempt himself from the payment of this promissory note personally, and no defense whatever is set up in the answer. (*O'Brien* v. *Jackson*, 167 N. Y. 31; *Taylor* v. *Mayo*, 110 U. S. 330; *D., L. & W. R. R. Co.* v. *Gilbert*, 44 Hun, 201; 112 N. Y. 673; *New* v. *Nichols*, 73 N. Y. 127; *Jenkins* v. *Phillips*, 41 App. Div. 389; *Mulrein* v. *Smillie*, 25 App. Div. 135, 138; *Wetmore* v. *Porter*, 92 N. Y. 76; *Vilas* v. *Paget*, 106 N. Y. 439; *Ryan* v. *Rand*, 20 Abb. [N. C.] 313; *Rogers* v. *Wendell*, 54 Hun, 540.)

*James P. Philip* and *J. Stewart Ross* for respondent. There was no question of fact for the jury. (*Brady* v. *Cassidy*, 104 N. Y. 155; *O'Neil* v. *James*, 43 N. Y. 92; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Linkhauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517.) Defendant never became personally liable to plaintiffs, and never personally owed plaintiffs the debt. (*F. Nat. Bank* v. *Wallis*, 150 N. Y. 455; *Whitford* v. *Laidler*, 94 N. Y. 145; *Olpherts* v. *Smith*, 54 App. Div. 514; *Higgins* v. *Ridgway*, 153 N. Y. 130.) It was competent and proper to prove the conditions annexed to the note. (*Ewing* v. *Wightman*, 167 N. Y. 112; *Rogers* v. *Smith*, 47 N. Y. 324; *Benton* v. *Martin*, 52 N. Y. 570; *Schmittler* v. *Simon*, 114 N. Y. 176.)

HAIGHT, J. This action was brought to recover of the defendant personally the amount of a promissory note, of which the following is a copy:

"$693.19.                      · BROOKLYN, *Dec.* 28, 1899.

"Three months after date I promise to pay to the order of C. Stevens Co. six hundred and ninety-three 19/100 dollars at Kings County Bank of Bklyn, value received. Due March 28, 1900.          CHARLES G. PETERSON, *Trustee.*"

The plaintiffs were copartners doing business under the firm name of C. Stevens Co., and upon the trial, to establish their cause of action, introduced the note in question in evidence, the signature being admitted, and then rested. The defendant, in order to establish his defense, then introduced in evidence testimony tending to show that on the 4th day of December, 1899, the surviving member of the firm of Johnson & Peterson called a meeting of the creditors of the firm, and at such meeting the creditors assembled executed a paper by which "we, the undersigned creditors of Johnson & Peterson, hereby agree to and with each other and for the purpose of liquidating the business of Johnson & Peterson and the completion of the contracts of said firm, do hereby appoint Charles G. Peterson as sole agent and trustee for the benefit of all creditors to assume control and management of said business, hereby ratifying each and every act said agent in the premises by him done or to be done. And we severally agree to forbear the prosecution and collection of our respective claims against said firm." Then followed the signatures of the creditors, among which is that of the plaintiffs' firm, " C. Stevens Co." This was followed by another paper of the same character, upon which appear the signatures of other creditors who were not present at the meeting. Thereupon and at the same meeting another paper was drawn and executed by Johnson, the surviving member of the firm, by which, in consideration of one dollar, the receipt of which he admitted, he bargained· and sold, granted and conveyed unto Charles G. Peterson, as trustee for the creditors of Johnson

& Peterson, his successors and assigns, all the stock in trade, goods, merchandise, effects and property of every description belonging to or owned by the said partnership of Johnson & Peterson wherever the same may be, together with all debts, choses in action and sums of money due and owing to said firm. He then produced oral testimony tending to show that he entered upon the discharge of his duties as such trustee and undertook the completion of certain buildings which Johnson & Peterson had contracted to construct, and for that purpose purchased lumber of these plaintiffs under the express agreement that they would accept in payment therefor his promissory note as such trustee and that the note in suit was given in payment for such lumber. This latter testimony was controverted by the plaintiffs, who testified that they did not know the purpose for which the lumber was purchased, and did not agree with him to accept his note as trustee for the benefit of the creditors in payment therefor. At the conclusion of the evidence the court, upon application of the defendant's counsel, dismissed the complaint upon the ground that no cause of action had been established against the defendant, the plaintiffs asking for leave to go to the jury upon the controverted fact as to whether the plaintiffs gave credit to the defendant in his representative capacity or as an individual. An exception was taken by the plaintiffs to the direction of a verdict by the court.

The Negotiable Instruments Law (L. 1897, ch. 612, section 39) provides as follows : " Where the instrument contains, or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." In this case, as we have seen, the defendant signed the note and then added to his signature the word " trustee." He did not, in the instrument itself, disclose the fact that he was trustee for the creditors of Johnson & Peterson, so that, under the

provisions of this statute, he would become personally liable
upon the note unless he could show that at the time of the
delivery of the note to the plaintiffs he disclosed the fact that
the consideration for which the note was given was for the
benefit of the creditors of Johnson & Peterson, and that he
gave the note as the trustee for such creditors.

It is contended on behalf of the plaintiffs that his repre-
sentative character must be disclosed upon the face of the
note.    This may be so in so far as innocent purchasers for
value are concerned, but as to the payees named in the note
we think a different rule prevails.    In the case of *First
National Bank* v. *Wallis* (150 N. Y. 455) the action was
upon a promissory note signed by Wallis, who added to his sig-
nature " president," and by Smith, who added to his signature
" treasurer."    They were in fact president and treasurer of
the Wallis Iron Works, a corporation, and the note was issued
as an obligation for the corporation, and was discounted by
the plaintiff bank.    It was held that the plaintiff was entitled
to recover upon the ground that the representative characters
of the defendants were not disclosed to the bank at the time
that it discounted the paper.   · ANDREWS, Chief Judge, in
delivering the opinion of the court, said with reference thereto :
" It may be admitted that if the bank, when it discounted the
paper, was informed or knew that the note was issued by the
corporation, and was intended to create only a corporate lia-
bility, it could not be enforced against the defendants as indi-
viduals, who, by mistake, had executed it in such form as to
make it on its face their own note, and not that of the corpo-
ration.    But according to the rules governing commercial
paper nothing short of notice, express or implied, brought
home to the bank at the time of the discount, that the note was
issued as the note of the corporation, and was not intended
to bind the defendants, could defeat its remedy against the
parties actually liable thereon as promisors."    We do not.
understand that the statute to which we have alluded was
designed to change the common-law rule in this regard, which
is to the effect that, as between the original parties and those

having notice of the facts relied upon as constituting a defense, the consideration and the conditions under which the note was delivered may be shown. (*Benton* v. *Martin*, 52 N. Y. 570, 574; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Juilliard* v. *Chaffee*, 92 N. Y. 529, 534; *Reynolds* v. *Robinson*, 110 N. Y. 654; *Baird* v. *Baird*, 145 N. Y. 659, 664; *Blewitt* v. *Boorum*, 142 N. Y. 357; *Schmittler* v. *Simon*, 114 N. Y. 176; *Higgins* v. *Ridgway*, 153 N. Y. 130.)

It is further contended on behalf of the plaintiffs that they are now entitled to judgment, for the reason that the answer does not allege all of the facts necessary to constitute a defense. The case, however, was not tried upon that theory, and the plaintiffs did not upon the trial ask for any direction of a verdict. If the answer of the defendant is defective the question should have been raised in the trial court, where an opportunity to amend might have been given if it was found wanting in any material allegation.

The trial court appears to have been of the opinion that the plaintiffs, by signing the paper selecting the defendant to liquidate the business of Johnson & Peterson, constituted him their agent and that, therefore, he could not be held personally liable. We think this paper must be read in connection with that executed by Johnson, and reading the two together the intent of the parties is made reasonably clear. Johnson, the surviving member of the firm of Johnson & Peterson, called a meeting of the creditors and gave them the privilege of selecting the person who should take charge of the assets of the firm, carry on the business so far as it was necessary to close up existing contracts, and then distribute the property. The creditors selected the defendant and then Johnson conveyed all the property of the firm to him as trustee for the creditors, thereby vesting the title to the property in him as such trustee. We think, therefore, that, notwithstanding the fact that the word " agent " is used in the paper signed by the creditors, under the latter instrument the defendant became a trustee for the creditors and that it was in such character that he took possession

of the property and undertook the liquidation of the assigned estate.

The evidence submitted on behalf of the defendant, tending to show that the lumber for which the note was given was purchased for the benefit of the assigned estate and that the plaintiffs agreed to accept his note in his representative capacity therefor, having been controverted by the testimony of the plaintiffs, a question of fact arose which it became necessary for the trial court to submit to the jury. It was, therefore, error to refuse the plaintiffs' request to go to the jury upon this question of fact and to direct a verdict in favor of the defendant.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.