DOMINICK AZZARELLO, Plaintiff, *v.* ELIZABETH N. RICHARDS, Defendant.

Municipal Court of the City of Syracuse, June 1, 1950.

*George R. Thurston* for plaintiff.

*Robert K. Murray* for defendant.

SKERRITT, J. The plaintiff, payee of a postdated check for $225, has brought this action on the check against defendant, the drawer, who signed and delivered the check to the plaintiff on July 6, 1949. It was postdated July 8th. And when plaintiff presented it at the drawee bank on that date payment was refused for insufficient funds.

Defendant was employed as bookkeeper by her father, a contractor, who at all times kept his funds in a checking account in her name. From time to time she signed checks on this account as he directed, the checks bearing her signature alone with no indication of agency. Plaintiff knew of this arrangement when he received the check, signed in this manner by the defendant, and delivered by her to the plaintiff at her father's request in payment of his obligation to the plaintiff for services.

While the defendant's ordinary duties as her father's bookkeeper were the duties of an employee and not of an agent, she was acting as his authorized agent when she signed and delivered this check. But so far as the law of agency is concerned she is not personally liable on this check because of these facts: (1.) She was acting only as an agent. (2.) She was acting within the scope of her authority. (3.) The plaintiff knew this when he took the check. (4.) The plaintiff knew who the real principal was. Under such circumstances the law of agency imposes no personal liability upon the agent, though he signs individually. (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392.)

As to consideration, it is immaterial that the plaintiff paid no consideration to the defendant. This check, though postdated, was a negotiable instrument. (Negotiable Instruments Law, §§ 20, 31, 321; *Marra* v. *Warren*, 192 Misc. 296; 38 Yale L. J. 1063.) Plaintiff is therefore entitled to the presumption of consideration. (Negotiable Instruments Law, § 50.) And this is not overcome merely by the fact that the drawer received no consideration from the payee where, as in this case, the check was drawn at the request of a third person. (*Bobrick* v. *Second Nat. Bank of Hoboken*, 175 App. Div. 550.)

Likewise the question of fraud is easily disposed of, since the act of giving a postdated check is not in itself evidence of fraud, nor a violation of section 1292-a of the Penal Law. One who gives a postdated check does not impliedly represent that funds are then available to pay it, but merely that they will be available on the future date of the check. In other words a postdated check is in the nature of a promise to discharge a present obligation at a future date. The implication is that the funds are not yet available; otherwise the check would not be postdated. (*People* v. *Mazeloff*, 229 App. Div. 451; 30 Mich. L. Rev. 299; 35 A. L. R. 384.)

We come now to the principal question in this case: Whether or not, in dealing with this negotiable instrument, with no written or printed indication of agency thereon, oral evidence was

admissible to show that the defendant signed only as an agent; that the plaintiff knew it; and that neither of the parties intended that the defendant should be personally liable. Ordinarily the parol evidence rule protects a negotiable instrument from such oral explanation. (9 Wigmore on Evidence [3d ed.], §§ 2425, 2444.) My limited research, however, has not disclosed any decision in this State which precludes a special consideration of this question in the instant case.

In the case of *Megowan* v. *Peterson* (173 N. Y. 1) where payees of a negotiable note failed in their action against the maker who had signed as " trustee ", it was held that oral evidence was admissible to show that he signed in his representative capacity, and that plaintiffs knew this when they took the note. Here of course there was some evidence of agency on the face of the note. But the decision is not limited to an explanation of the word " trustee ", and there was no evidence of a conditional delivery. Referring to section 39 of the Negotiable Instruments Law, the court said (pp. 5–6): " It is contended on behalf of the plaintiffs that his representative character must be disclosed on the face of the note. This may be so in so far as innocent purchasers for value concerned, but as to the payees named in the note we think a different rule prevails. * * * We do not understand that the statute to which we have alluded was designed to change the common-law rule in this regard, which is to the effect that, as between the original parties and those having notice of the facts relied upon as constituting a defense, the consideration and the conditions under which the note was delivered may be shown." The word " conditions " here refers to the circumstances under which the note was given. This decision was recognized with approval in *New Georgia Nat. Bank* v. *Lippmann* (249 N. Y. 307) where the court said that in the *Megowan* case the defendant had failed sufficiently to indicate that he was signing as an agent, and was permitted to give oral evidence of " the surrounding circumstances ".

In the case of *First Nat. Bank* v. *Wallis* (150 N. Y. 455) where defendant who had signed a note as " president " was held personally liable, the court based its decision on the ground that defendant's agency was not disclosed to the plaintiff; and said that if it had been disclosed defendant would not have been personally liable, though he had executed the note in such form as to make it apparently his own. This decision was stressed in the *Megowan* case (*supra*). Likewise in *Schmittler* v. *Simon* (114 N. Y. 176) the court recognized the admissibility of parol evi-

dence by one who had signed as " executor ", not merely to explain the word, but to show the intention of the parties. (See, also, *Higgins* v. *Ridgway,* 153 N. Y. 130, and 1 Daniel on Negotiable Instruments [7th ed.], §§ 192–194.)

In *Crandall* v. *Rollins* (83 App. Div. 618) the court held, without expressly referring to the parol evidence rule, that the maker of a note, who had signed as " Agt.", would not be liable to payees who knew when they took the note that he had signed as the authorized agent of another. In the case of *Kerby* v. *Ruegamer* (107 App. Div. 491) where the payee of a negotiable note sued the makers who had signed as " trustees ", and parol evidence was received to relieve them from personal liability, the court said that the note need not disclose upon its face information which the plaintiff already possessed when he took it. Likewise in the case of *Bush* v. *Gilmore* (45 App. Div. 89) where the payee of a negotiable note sued the maker who had signed as " President ", parol evidence was received to show that the maker intended to bind a certain corporation known to the parties, that he was authorized to do this, that he did not intend to obligate himself personally, and that the payee knew these facts when the note was signed and delivered. Such evidence, said the court (p. 91): " would not contradict the note ". It seems to me, however, that such evidence certainly changes the effect of the instrument, and may destroy its value.

(For a learned review of this subject see 1 Mechem on Agency [2d ed.], §§ 1121–1163.) The conclusion appears to be as follows: Ordinarily parol evidence is not admissible to relieve an agent who has signed a negotiable instrument with no written or printed indication of agency thereon. But as between parties having knowledge of the facts, the circumstances may be shown. (1 Mechem on Agency [2d ed.], §§ 1162–1163.)

In the instant case I hold that an agent who in good faith draws a check in his own name, regular and negotiable in form, as expressly authorized by a known and disclosed principal, solely for the benefit of the principal and the payee, on funds of the principal in the agent's account, with no intention of obligating himself individually, may escape personal liability to the payee by parol evidence showing that he took the check with knowledge of these facts.

Complaint dismissed. Judgment for defendant, with costs.