331 So.2d 326 (1976)
DYNAMIC HOMES, INC., a Florida Corporation, et al., Appellants,
v.
William ROGERS and J.C. Fortson, Appellees.
No. 75-744.
District Court of Appeal of Florida, Fourth District.
April 23, 1976.
*327 Howard F. Ullman of Ullman, Kimler & Entin, Miami, for appellants Dynamic Homes, Inc. and Talltree, Inc.
Jerrold Knee of Salter, Yeslow & Burnstein, Hollywood, for appellees.
WALDEN, Chief Judge.
This was a suit upon a promissory note. A final money judgment was entered in favor of plaintiffs, William Rogers and J.C. Fortson, and against all the defendants, Dynamic Homes, Inc., Talltree, Inc., Arthur J. Maas and Janet H. Maas, jointly and severally. The judgment was for $158,000 plus costs and fees.
The corporate defendants, Dynamic Homes, Inc. and Talltree, Inc., appeal. We reverse as to them.
The note in question was a standard printed form. The only identification or mention of the makers was at the signature space. It was as follows:
 by /s/ Arthur J. Maas ........... (SEAL)
 by /s/ Janet H. Maas ............ (SEAL)
 /s/ Arthur J. Maas (SEAL)
 ARTHUR MAAS - Individually
 /s/ Janet H. Maas (SEAL)
 JANET MAAS - Individually
There was no mention on the note of the corporate defendants.
Although not assigned as error and made a point, the problem here had its genesis in the complaint which simply sued upon the note. It failed to state a cause of action as to appellants and should have been dismissed. Had plaintiffs been required to plead properly as to them so as to reflect a cognizable claim, it is likely that the trial proofs and procedures would have been more productive.
Based upon the appellate presentation, the trial court should have entered a directed verdict in favor of the corporate defendants at the conclusion of the plaintiffs' case in accordance with defendants' motion, and it was reversible error not to do so.
Corporate defendants contend that they are entitled to judgment as a matter of law by reason of the fact that their names were not mentioned in the note and because parol testimony could not be used to show the Maas' representative capacity under these circumstances.
Bearing on the controversy are the provisions of Fla. Stat. 673.403(2)(b):
"673.403 Signature by authorized representative. 
"(1) A signature may be made by an agent or other representative, and his *328 authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
"(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
"(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."
In the official UCC comment that follows this section we see certain examples under the heading "Purposes of changes." The applicable illustration is:
"3. Assuming that Peter Pringle is a principal and Arthur Adams is his agent, an instrument might, for example, bear the following signatures affixed by the agent 
"(a) `Peter Pringle', or
"(b) `Arthur Adams', or
"(c) `Peter Pringle by Arthur Adams, Agent', or
"(d) `Arthur Adams, Agent', or
"(e) `Peter Pringle Arthur Adams', or
"(f) `Peter Pringle Corporation Arthur Adams'."
* * * * * *
"Subsection 2(b) adopts the New York (minority) rule of Megowan v. Peterson, 173 N.Y. 1 [65 N.E. 738] (1902), in such a case as (d);"
It is our opinion that example 3.(d) above fits the present case. The fact that the Maas signed individually with specificity and then signed the note again with their signatures preceded by the word, "by," indicates that they also signed the note in a representative capacity, although the note does not reveal the identity of the person or corporation represented.
Now, as to the Megowan case, which appears to govern via the New York rule, the defendant signed a promissory note adding the word "trustee" after his name. The note itself did not disclose that defendant was trustee for certain creditors or otherwise disclose defendant's representative character. At trial plaintiff made a prima facie case and rested. Defendant introduced evidence as to the details of the trust and that among the creditors creating the trust was plaintiff. Defendant orally testified as to the discharge of his duties as trustee in the completion of certain buildings and that he thereby bought lumber from plaintiff with an express agreement between them that plaintiff would accept the promissory note from him as trustee in payment. Plaintiffs disputed defendant's testimony. The distilled dispute was whether plaintiffs gave credit to defendant in his representative capacity or as an individual. Regardless, the trial court directed a verdict against the plaintiffs. The New York Court of Appeals reversed. It was held that there was a question of fact for the jury to resolve. In short, the rationale was that as between the original parties and those having notice of the facts relied upon as constituting a defense, the consideration and the conditions under *329 which the note was delivered may be shown.
And so we would understand the UCC rule to be that in the instance of an instrument showing a signature in a representative capacity, but not naming the person represented, parol testimony may be introduced in a suit between the immediate parties to show that the signature was of a representative character. See 4A Fla.Jur., Bills, Notes, etc., § 352.
In the instant case, with the indicated manner of signing, the immediate parties to the transaction could establish between themselves with parol testimony whether the Maas signed in a representative, as well as an individual, capacity. We think this is the meaning and intendment of the prefatory clause in Fla. Stat. § 673.403(2)(b)(1975), "Except as otherwise established between the immediate parties."
The second facet implicit in this appeal is whether the record, including parol testimony, established that the Maas signed in a representative capacity so as to obligate the corporate defendants. We have read every word contained in the plaintiffs' case and find that, as a matter of law, it did not.
Only the two plaintiffs testified and the only exhibit was the note. It would unduly and unnecessarily prolong this opinion to sketch what was said. Suffice to say that the bulk of it was wholly irrelevant and immaterial as concerns the allegations of the complaint. It had to do with the establishment of a travel/trailer campground in Marion County; its management; the work and travel incurred; the stabilization of trailer sites, etc.
There is vague testimony concerning a sale of the stock of the corporation owning the campground. However, there is a total absence of testimony that the Maas were authorized representatives, agents or officers or directors of the defendant corporations. There was no testimony that they intended to, or did, sign the note in a representative capacity for the corporations. See 4A Fla.Jur., Bills, Notes, etc., §§ 346, 347 and 348.
To conclude, plaintiffs simply failed in their proofs to show that the corporate defendants were obligated on the note. The judgment is reversed as to the two defendant corporations and the cause remanded with instructions to enter judgment in their favor.
REVERSED AND REMANDED, with directions.
DOWNEY, J., and SCHULTZ, GEORGE E., Associate Judge, concur.