SOUTHEASTERN FINANCIAL CORPORATION,
Plaintiff-Appellee,

v.

John SMITH, Defendant-Appellant.

No. 75–3203
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1976.
Rehearing Denied Dec. 6, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert M. Hill, Jr., Florence, Ala., for defendant-appellant.

Phillip A. Geddes, Huntsville, Ala., for plaintiff-appellee.

Before WISDOM and CLARK, Circuit Judges.**

PER CURIAM:

Pursuant to the enlightened and invaluable provisions of Ala. Const. art. 5, § 140(b)(3) (1901, Amended 1973), we certified three controlling questions of undetermined Alabama law to the Supreme Court of that state. *Southeastern Financial Corp. v. Smith*, 526 F.2d 1233 (5th Cir. 1976). That Court's answers to our questions in *Smith v. Southeastern Financial Corp.*, Ala., 337 So.2d 330 (1976) have made the discharge of our *Erie* responsibility clear and easy. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We hold that the defendant, John Smith, is not liable in damages to the plaintiff, Southeastern Financial Corporation, under the Alabama Civil Worthless Check Act, Ala. Code of 1940, tit. 7, § 131(1) (Cum. Supp. 1973), as Smith did not possess the essential element of intent to defraud. Accordingly, the decision of the United States District Court for the Northern District of Alabama is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.