348 So.2d 679 (1977)
Jack W. GIACALONE, Appellant,
v.
Austin BERNSTEIN, Appellee.
No. 76-1866.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Williams, Salomon, Kanner & Damian and Alan H. Lubitz, Miami, for appellant.
Aronovitz & Weksler and Anne-Lise Gustafson, Miami, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
In an action to recover on a promissory note, the defendant [James E. Giacalone] appeals from a summary final judgment rendered against him in favor of the plaintiff who was the payee on the note [Austin Bernstein]. The defendant contends that he is not individually liable on the note because he signed the note with the word "by" preceding his name and the extrinsic evidence in the cause presents a genuine issue as to whether he signed the note in a representative capacity on behalf of a corporation. We cannot agree and affirm.
The law is clear under the Uniform Commercial Code that "[a]n authorized representative who signs his own name to an instrument [i]s personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity." Section 673.403(2)(a), Florida Statutes (1975). Extrinsic evidence is admissible to show that the maker of a negotiable instrument signed in a representative capacity and is therefore not personally obligated on the note "if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the person signed in a representative capacity." Section 673.403(2)(b), Florida Statutes (1975).
In the instant case, the defendant signed the promissory note in an individual capacity as a maker and is personally obligated *680 thereon. The note neither names the person represented nor shows that the defendant signed in a representative capacity. The word "by" preceding the defendant's signature on the note, without more on the face of the note, does not show that the defendant signed in a representative capacity. Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla. 4th DCA 1976); Imperial Trading Co. v. Crescent City Restaurants, Inc., 230 So.2d 748 (La. App. 1970). The defendant's extrinsic evidence was therefore inadmissible to show that he signed as a representative for a corporation. Summary judgment was properly entered on the note against the defendant.
Affirmed.