383 So.2d 1117 (1980)
Irv SCHWARTZ, Appellant,
v.
DISNEYLAND VISTA RECORDS, a Subdivision of Buena Vista Distributing Company, Inc., Appellee.
No. 78-1783.
District Court of Appeal of Florida, Fourth District.
May 14, 1980.
Rehearing Denied June 18, 1980.
*1118 Gerald Mager of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellant.
William E. Sadowski of Helliwell, Melrose & DeWolf, Miami, for appellee.
DOWNEY, Judge.
Appellant, Irv Schwartz, appeals from a summary final judgment in favor of appellee, Disneyland Vista Records, and from an order dismissing appellant's counterclaim with prejudice.
Appellee commenced this litigation by filing a complaint against appellant to recover on six promissory notes signed by appellant and payable to appellee. Appellant's answer contained four affirmative defenses: 1) estoppel, based upon appellee's course of conduct; 2) the debt was owed by American Music Industries, Inc.; 3) the parties intended that the notes be executed by appellant in a representative capacity on behalf of American Music Industries, Inc.; 4) lack of consideration.
Appellant later filed a counterclaim, seeking cancellation or reformation of the notes in question on the grounds that: it was the intention of the parties that the notes were the obligation of American Music Industries, Inc., and were to be signed by Schwartz in his representative capacity as president of American Music Industries, Inc.; the notes were not executed in accordance with the intent of the parties; appellant's signing of the notes as an individual was a mistake.
Appellee moved for summary judgment based upon the pleadings, admissions, and affidavits of record. The undisputed proof reflected by the foregoing pleadings was that American Music Industries, Inc., and Disneyland Vista Records had ongoing business dealings during 1975 and 1976. As of May 21, 1976, American owed Disneyland over $93,000. As evidence of that indebtedness ten promissory notes were issued, payable to Disneyland and signed by Irv Schwartz. The notes contained no reference to American Music Industries, Inc., nor is there any indication that Schwartz signed in a representative capacity. Prior to the filing of this suit American Music paid four of the notes.
The record contains an affidavit by Schwartz in which he states the following material things. Schwartz was president of American Music at all pertinent times. American Music was indebted to Disneyland for $93,090.06 in 1976. Acting on behalf of American Music, Schwartz agreed to sign ten promissory notes as president of American "to secure" the aforementioned indebtedness. Appellee prepared the notes which failed to accurately reflect the agreement of the parties in that they failed to name American as the maker of the notes. Appellee knew that it was dealing with the corporation American Music Industries, Inc., and that the notes would be signed by the corporation. Schwartz mistakenly signed the notes individually thinking he was acting in accordance with the agreement of the parties.
Appellee filed an affidavit which states that:

*1119 defendant on behalf of AMERICAN MUSIC INDUSTRIES, INC., agreed to execute a series of ten (10) Promissory Notes to secure an indebtedness due Plaintiff from AMERICAN MUSIC INDUSTRIES, INC.
3. That the Defendant executed the Notes in his individual capacity and the Plaintiff elected to treat the executed Notes as a counteroffer, which it accepted.
Appellee's affidavit also states that appellee elected to consider the individually executed notes as a guaranty of the corporate indebtedness of American Music Industries, Inc., and that as consideration for the notes appellee forebore enforcement of the debt. Finally, appellee set forth the amount due and owing on the notes.
We fail to find reversible error demonstrated and affirm the order and judgment appealed from.
The entry of summary judgment was proper because the appellee's claim is controlled by Section 673.403(2), Florida Statutes (1977):
(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
The notes in question are payable to appellee and signed by Irv Schwartz. There is no indication they are obligations of the corporation, American Music Industries, Inc., or that Irv Schwartz signed them in a representative capacity. Thus, under Section (2)(a), above, Irv Schwartz is liable on these notes as a matter of law.
The main thrust of appellant's affirmative defense is that he should be allowed to adduce parol evidence to show the parties intended the notes were to be corporate obligations and that appellant's signing individually was a mistake. However, the official Uniform Commercial Code Comment to Section 673.403 makes it clear that parol evidence is not admissible to "disestablish" obligations such as the notes here involved. Paraphrased, the example used in the Comment indicates the results various signatures have upon the individual liability of an agent. If American Music Industries, Inc., is a principal and Irv Schwartz is its agent, a note might bear the following signatures affixed by the agent:
a) American Music Industries, Inc.;
b) Irv Schwartz;
c) American Music Industries, Inc., by Irv Schwartz, agent;
d) Irv Schwartz, Agent;
e) American Music Industries Irv Schwartz;
f) American Music Industries, Inc., Irv Schwartz.
A signature in form (a) does not bind Irv Schwartz if authorized. A signature as in (b) personally obligates Irv Schwartz, and parol evidence is inadmissible under Section 673.403(2)(a) to disestablish his obligation. The unambiguous way to make clear that Irv Schwartz is signing in his representative capacity without personal liability is to sign as in (c). See 19B, F.S.A. 183.
Parol evidence is admissible under Section 673.403(2)(b) if the manner of signing the instrument creates a facial ambiguity:
Subsection 2(b) adopts the New York (minority) rule of Megowan v. Peterson, 173 N.Y. 1 (1902), in such case as (d); and adopts the majority rule in such a case as (e). In both cases the section admits parol evidence in litigation between the immediate parties to prove signature by the agent in his representative capacity. Case (f) is subject to the same rule. U.C. C.Comment, 19B F.S.A. 183.
Appellant cites Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla. 4th DCA 1976), *1120 among other cases, as authority for reversal, urging that decision as authority for permitting parol evidence in this case to resolve an ambiguity. While the court held there was an ambiguity in the signatures in the Rogers case, there is no ambiguity in Irv Schwartz's signature in the present case. All of Schwartz's signatures on the notes fall within form (b) of the Comment.
In addition to the affirmative defenses alleged in his answer as a basis for the adduction of parol evidence to show the intent of the parties, appellant also counterclaimed for reformation of the notes, based upon substantially the same contentions as those of the affirmative defenses. Appellant relies upon a statement contained in Betz v. Bank of Miami Beach, 95 So.2d 891 (Fla. 1957), in which the Supreme Court, by way of dictum, mentioned that it appeared to the court that one who alleges he signed a negotiable instrument in the wrong capacity should seek reformation to have the instrument reflect the intention of the parties. Aside from the fact that the reference to reformation in Betz was dictum, the case predates the adoption of the U.C.C. in Florida. We, therefore, adopt the position of the U.C.C. Comment to Section 673.403 and hold that parol evidence is inadmissible in situations falling under Section 673.403(2)(a), thus rendering reformation unavailable in those situations. To hold otherwise would emasculate the clear legislative intent to create certainty and stability in the law with regard to commercial paper used in everyday business transactions.
In view of the foregoing there was no genuine issue of material fact existing when the court entered the summary final judgment. The paper issue of lack of consideration had been disposed of by appellee's affidavit, and the other issues raised by appellant regarding the intention of the parties were immaterial issues as a matter of law.
Accordingly, the order and judgment appealed from are affirmed.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.