Pauline CHIDAKEL, Appellant,

v.

Florence BLONDER and Harvey Blonder, Appellees.

No. 13582.

District of Columbia Court of Appeals.

Argued Jan. 8, 1981.

Decided May 28, 1981.

---

Stephen O. Hessler, Washington, D.C., for appellant.

Sanford W. Berman, Washington, D.C., submitted brief for appellees.

Before KELLY, KERN and MACK, Associate Judges.

MACK, Associate Judge:

■ This is an appeal from a judgment by the trial court that the appellees (Florence and Harvey Blonder) whose signatures appear on the face of a promissory note, were not individually liable thereon. Appellant primarily alleges that the trial court erred 1) in not holding as a matter of law that the appellees were personally liable on the note; and 2) in admitting parol evidence to prove that the appellees signed in a representative capacity.[1] We affirm.

1. Appellant also challenges the sufficiency of the evidence to support the trial court's findings of fact that the appellees signed in their representative capacity.

A review of the record on appeal convinces us there is sufficient evidence to support the trial court's findings of fact.

The promissory note at issue was prepared by appellant's counsel and executed by appellees in connection with the sale of a car wash owned by the appellant. The note dated August 11, 1969 reads in relevant part:

For Value Received Discount Car Wash Number Five, a Va. Corp. promise [sic] to pay to the order of Pauline P. Chidakel the sum of One Hundred Thousand ($100,000.00) Dollars

\* \* \* \*

Attest:          Discount Car Wash Number 5

(initials of HB) By (signature of Florence Blonder)

Payments on the note ceased in December 1974. In November 1975 appellant filed suit against Discount Car Wash Number Five, Inc. (Discount), Florence Blonder and Harvey Blonder. Shortly after this action commenced the appellees sold their interest in Discount to a third party. A default judgment was entered against Discount, a corporation alleged to be without assets. Following a trial without jury, the court concluded that "[t]here may be something faulty in the manner in which Mr. & Mrs. Blonder signed the note which might render them liable to a holder on the note but would not make them liable to the plaintiff." Relying on parol evidence, the court found that the representative capacity of the Blonders was established between the parties at the time the note was executed.

■ With respect to Harvey Blonder, appellant's allegations of error are clearly without merit. It is evident from the face of the note that he signed his initials in his capacity as a witness. There is thus no ambiguity in this respect and therefore Mr. Blonder could not be individually liable on the note. See D.C. Code 1973, § 28:3–402 adopted in its entirety from Uniform Commercial Code § 3–402 (U.C.C.).[2] While it was unnecessary for the trial judge to have considered parol evidence, appellant was not prejudiced thereby.

2. The Official Comment following U.C.C. § 3–402 (Signature in Ambiguous Capacity) states that the person who signs an instrument as

Turning to Florence Blonder, the applicable statute, D.C. Code 1973, § 28:3–403,[3] provides in relevant part:

(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

■ The instant note does not fit precisely into any of the categories outlined in § 28:3–403. More accurately, it is a hybrid of subsections (2)(b) and (3). The note indicates that "Discount Car Wash Number Five" promised to pay the note. While Florence Blonder's signature, which appears just below Discount's name in the signature block, is not succeeded by an office, it is preceded by the preposition "by". Cases from other jurisdictions have held that the word "by" along with other factors established that the individual was signing in a representative rather than a personal capacity. See Southeastern Financial Corp. v. Smith, 397 F.Supp. 649 (N.E.D.Ala.1975), rev'd on other grounds, 542 F.2d 278 (5th Cir. 1976); Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla.App.1976). To the contrary, see Giacalone v. Bernstein, 348 So.2d 679 (Fla.App.), cert. denied, 354 So.2d 980

(Fla.1977). Thus, at a minimum, the face of the note indicates the person represented— that is Discount—and some evidence that Florence Blonder signed in some representative capacity. Appellant contends that § 28:3–403(3) precludes the admission of parol evidence. The contention is not persuasive in view of the section's introductory phrase "Except as otherwise established". Moreover, subsection (3) is only one formula for avoiding personal liability of the authorized representative. See Havatampa Corp. v. Walton Drug Co., 354 So.2d 1235, 1237 (Fla.App.1978). Cases from other jurisdictions applying § 3–403(2)(b) of the Uniform Commercial Code have permitted the introduction of parol evidence where the action involves the immediate parties and the instrument either names the person represented or shows that the representative signed in a representative capacity.[4] See Seamon v. Acree, 142 Ga.App. 662, 236 S.E.2d 688 (1977); Kramer v. Johnson, 121 Ga.App. 848, 176 S.E.2d 108 (1970); Dynamic Homes, Inc. v. Rogers, supra at 329; American Exchange Bank, Collinsville, Oklahoma v. Cessna, 386 F.Supp. 494 (N.D. Okla.1974). See also Uniform Commercial Code (U.L.A.) § 4–403, Official Comment (1977). We adopt a similar approach here.

■ Appellant argues finally that parol evidence would be admissible to explain the circumstances under which Florence Blonder signed the note only if she were an officer, employee or agent of the corporation at the time of trial. Appellant cites no authority to support this proposition, and we find it to be without merit.

On this record, the trial court did not err in admitting parol evidence on the issue of the understanding between the parties as to the capacity in which Florence Blonder signed the note.

Accordingly, we

*Affirm.*

"John Doe, witness" is not liable since the capacity in which he signed is clear on the face of the instrument.

3. Adopted in its entirety from § 3–403 of the Uniform Commercial Code.

4. In effect, "the manner of signing the instrument creates a facial ambiguity." *Schwartz v. Disneyland Vista Records,* 383 So.2d 1117, 1119 (Fla.App.1980).