WISE ET AL., APPELLEES, *v.* DUKER, D.B.A. FINANCIAL DIRECTORS CORP., ET AL., APPELLANTS.

(No. 13421—Decided October 19, 1988.)

*Dianne Foley Hearey,* for appellees.

*Todd G. Jackson* and *Keith A. Savidge,* for appellants.

BAIRD, P.J. This cause came on before the court upon the trial court's judgment in favor of the appellees, John C. Wise et al. We reverse.

On March 21, 1985, appellant Financial Directors Corporation (hereinafter "FDC") issued to each of the four appellees a promissory note in the amount of $125,000, the total owed being $500,000. The notes were signed by Douglas Duker and John Rauckhorst and were payable on demand any time after March 26, 1986. The appellees did in fact demand payment on the notes and the appellants failed to pay. On October 6, 1987, appellees filed the present action and on that same day were granted judgment in the amount of $500,000 against FDC and Duker and Rauckhorst. Both Duker and Rauckhorst appeal.

### Assignment of Error I

"The lower court erred by granting judgment against the individual appellants pursuant to certain cognovit notes which the individual appellants signed in their capacity as agents of the corporate maker of the notes."

Duker and Rauckhorst argue that the trial court erred in granting judgment on the cognovit note for the appellees when they only signed in a representative capacity.

R.C. 1303.39 states as follows:

"(A) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

"(B) An authorized representative who signs his own name to an instrument:

"(1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

"(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

"(C) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

The appellees argue that because neither Duker nor Rauckhorst put his corporate office next to his signature, neither signed in a representative capacity and both are therefore personally liable for the debt. Appellees' argument would have merit if R.C. 1303.39(C) purported to be an exclusive method of indicating representative capacity. It does not. R.C. 1303.39(C) specifically begins by stating, "[e]xcept as otherwise established * * *." This phrase supports the general rule that parol evidence is admissible to explain an ambiguity or uncertainty in a written instrument. *Hosford* v. *Automatic Control Systems, Inc.* (1984), 14 Ohio App. 3d 118, 14 OBR 133, 470 N.E. 2d 263; 71 Ohio Jurisprudence 3d (1986) 439, Negotiable Instruments, Section 383; *Rood* v. *McCann* (1957), 103 Ohio App. 55, 3 O.O. 2d 145, 144 N.E. 2d 263. The commentators generally agree that where an ambiguity as to the individual's representative capacity exists, parol evidence is admissible to show representative capacity:

"When the plaintiff who sues the agent personally is one who dealt directly with the agent, and the signature either names the principal or indicates representative capacity, section 3-403(2)(b) [of the Uniform Commercial Code] permits the agent to introduce parol evidence of his agency status to avoid personal liability. * * *" 1 White & Summers, Uniform Commercial Code (3 Ed. 1988) 631, Section 13-5. Case law also supports the above-stated proposition:

"If there is a question as to whether or not a person signed as an individual or as an agent for a principal, parol evidence is admissible if, and only if, two criteria are met. First, the action must be between the immediate parties to the note. Secondly, there must be some indication of the existence of a principal or that the signator signed in a representative capacity. * * *" *J. P. Sivertson & Co.* v. *Lolmaugh* (1978), 63 Ill. App. 3d 724, 727, 380 N.E. 2d 520, 522.

Therefore, if an ambiguity exists, then the trial court erred in granting judgment on the cognovit portion of the note. This particular issue has never been decided in Ohio. Courts in other states are split in categorizing a signature such as the one made in the instant case. Some states hold that a signature made without designating the individual's corporate office does not establish agency, nor does it present an ambiguity sufficient to allow parol evidence. *Maine Gas & Appliances, Inc.* v. *Siegel* (Me. 1981), 438 A. 2d 888. Other states have held that the signature merely denotes an ambiguity, and parol evidence should be allowed to show the intentions of the parties. See, *e.g.*, *Bell* v. *Dornan* (1964), 203 Pa. Super. 562, 201 A. 2d 324; *Speer* v. *Friedland* (Fla. App. 1973), 276 So. 2d 84; *J.P. Sivertson & Co.* v. *Lolmaugh, supra.* This rule only applies when dealing with the immediate parties to the transaction. *J.P. Sivertson & Co.* v. *Lolmaugh, supra.*

Still other jurisdictions have held that an individual who signed a document without indicating his or her representative capacity was not personally liable, when after reviewing the entire document the court found sufficient evidence to support a finding that the individual signed in a representative capacity. *Valley Natl. Bank, Sunnymead* v. *Cook* (Ariz. App. 1983), 665 P. 2d 576. As the Arizona court stated:

"The Bank argues that this section [Uniform Commercial Code Section 3-403] conclusively establishes Cook's personal liability on the checks. We do not agree. Admittedly, the checks fail to specifically show the office held by Cook. However, we do not find that this fact conclusively establishes liabili-

64

ty since * * * [UCC Section 3-403(B)(2)] imposes personal liability on an agent who signs his or her own name to an instrument only 'if the instrument * * * does not show that the representative signed in a representative capacity.' Thus, we must look to the entire instrument for evidence of the capacity of the signer. * * *

"* * *

"In this case the checks clearly show the name of the corporation in two places and the money was payable from the account of Arizona Auto Auction, Inc., over which Cook as an individual had no control. Considering the instrument as a whole, we conclude under these circumstances that they sufficiently disclose that Cook signed them in a representative and not an individual capacity." *Id.* at 577-579.

Still other cases have taken the stance that when a check is signed with the name of a corporation, beneath which appeared the defendant's signature preceded by the word "by" and the check is drawn on the general account of the corporation, the signature was made in a representative capacity. *Southeastern Financial Corp.* v. *Smith* (N.D. Ala. 1975), 397 F. Supp. 649, reversed on other grounds (C.A. 5, 1976), 542 F. 2d 278. In *Chidakel* v. *Blonder* (D.C. App. 1981), 431 A. 2d 594, the court's holding followed that of *Southeastern Financial Corp., supra,* stating:

"* * * The note indicates that 'Discount Car Wash Number Five' promised to pay the note. While Florence Blonder's signature, which appears just below Discount's name in the signature block, is not succeeded by an office, it is preceded by the preposition 'by.' Cases from other jurisdictions have held that the word 'by' along with other factors established that the individual was signing in a representative rather than a personal capacity. See *Southeastern Financial Corp.* v.

*Smith,* 397 F. Supp. 649 (N.E.D. Ala. 1975), rev'd on other grounds, 542 F. 2d 278 (5th Cir. 1976); *Dynamic Homes, Inc.* v. *Rogers,* 331 So. 2d 326 (Fla. App. 1976) * * *." *Chidakel, supra,* at 596.

In the case *sub judice,* Duker and Rauckhorst signed as follows: "Financial Directors Corporation by John Rauckhorst & Douglas D. Duker." The note stated that it was for "value received, individually or collectively." This signature appeared on a line that had "Financial Directors Corporation" typed underneath it. FDC was mentioned throughout the note as the sole maker, and neither Duker nor Rauckhorst was named, nor were they referred to in the body of the note. However, the note contained promises starting with "I," and we are unconvinced that "I" is the appropriate pronoun to use in reference to a corporation, as opposed to "it." Additionally, it is often a common practice for creditors to request the individual promise of officers on corporate promissory notes. As the commentators have stated:

"* * * [W]e think a court should be more reluctant to find an agent personally liable who has signed a corporate check than in the case of a similar indorsement of a corporate note. This does not mean that the drawer of a corporate check will never be personally liable; indeed, more than a few have been stuck. Rather, we hope that courts will be more conscious of differences in business practices with respect to different types of instruments when they evaluate the extrinsic evidence presented by the parties." 1 White & Summers, Uniform Commercial Code, *supra,* at 630.

For the above-stated reasons we feel that the note is ambiguous and this case should be categorized with those cases that held that the court should look to the entire document to deter-

mine representative capacity, and if an ambiguity exists, extrinsic evidence should be allowed to show the individuals' status as signers. Therefore, we adopt the reasoning of *J.P. Sivertson & Co.* v. *Lolmaugh, supra,* and hold that both of the required criteria have been met. This is an action between the immediate parties, and based on our analysis of the facts we conclude that there exists some indication that Duker and Rauckhorst signed in a representative capacity. Therefore, the trial court was in error to grant the cognovit judgment against appellants Duker and Rauckhorst individually; the first assignment of error is well-taken.

### Assignment of Error II

"The lower court erred by granting judgment against appellants, ex parte, on grounds of alleged securities law violations."

The trial court's *nunc pro tunc* entry dated October 8, 1987, makes it clear that the judgment of the trial court was based solely on Counts I to IV, and therefore did not include any of the counts alleging securities law violations. The second assignment of error is not well-taken; however, in light of our disposition of the first assignment of error, this case is reversed and remanded to the trial court for trial to determine the status of Duker and Rauckhorst as signers.

*Judgment reversed and cause remanded.*

MAHONEY, J., concurs.

QUILLIN, J., concurs separately.

QUILLIN, J., concurring. There are several points that should be specially noted. First, a cognovit judgment is not favored in law. Second, the appellants were sued "dba," which is different from the face of the note. Third, there is the suggestion that the notes were signed after FDC had its charter cancelled for failure to pay franchise taxes.